NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 09-3069
_____

JANE BENTLEY,
Appellant

v.

ATLANTIC COUNTY, NEW JERSEY;
THE OFFICE OF THE SHERIFF OF
ATLANTIC COUNTY, NEW JERSEY;
JAMES MCGETTIGAN,
Individually and in his official capacity as
Sheriff of Atlantic County;
JOSEPH CONNELY

_____

Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 05-cv-02942)
District Judge: Honorable Renee M. Bumb

_____

Submitted Under Third Circuit LAR 34.1(a)
May 26, 2010

Before:  McKEE, Chief Judge, RENDELL and GARTH, Circuit Judges.

(Filed: May 27, 2010)

_____

OPINION OF THE COURT

_____

RENDELL, <u>Circuit Judge</u>.

Jane Bentley appeals the District Court's grant of partial summary judgment and its pre-trial and trial rulings. The District Court granted summary judgment in favor of Atlantic County, New Jersey, Sheriff James McGettigan, and Under Sheriff Joseph Connelly (collectively, Defendants) on Counts II through V of Bentley's complaint, alleging discrimination based on Bentley's race and gender. The District Court held a trial on Count I, in which Bentley urged that her procedural due process rights were violated when she was suspended from her employment.[1]

Because we write for the parties who are familiar with the factual context and procedural history of this case, we recite only the facts that are relevant to our analysis. Bentley was employed as a Sheriff's Officer in Atlantic County, New Jersey. On November 5, 2003, Bentley was suspended with pay pending a psychological evaluation, after an incident that led her superiors to question her ability to perform her job. However, Bentley was not informed as to whether her suspension was disciplinary or non-disciplinary in nature. On December 2, 2003, after a psychologist found her unfit for duty, Bentley was suspended without pay and was required to complete the recommended treatment before returning to active duty.

On November 13, 2003, Bentley filed a grievance and sought arbitration through the Public Employment Relations Commission of the State of New Jersey. However, the

---

[1] The trial was actually a second trial, but that does not affect our ruling.

appeals process for employees under the New Jersey Administrative Code differs for disciplinary and non-disciplinary suspensions. Because Bentley's suspension was not disciplinary, the proper procedure to contest the suspension was to appeal to the New Jersey Merit System Board. On November 12, 2004, Bentley appealed to the Merit Board. On July 28, 2005, the Merit Board ruled that:

> Where, as here, an employer has legitimate concerns regarding a public safety employee's psychological fitness for duty, the employer is entitled, perhaps required, to act in the best interests of the public that it serves. Thus, the Board finds that the appellant's initial separation from duty with pay, pending her psychological evaluation, was warranted under the circumstances and did not constitute disciplinary action.

App. 492.

The District Court determined that the Defendants had violated Bentley's procedural due process rights by failing to give her prompt notice that the suspension was not disciplinary so that she would know to appeal to the Merit Board. However, the District Court also ruled that, because Bentley did have a meaningful opportunity to be heard in front of the Merit Board, and her suspension was upheld, the only procedural due process violation was the Defendants' failure to provide prompt notice of the type of suspension. The District Court also ruled that in order to recover damages Bentley would have to show that she suffered severe emotional distress from the delay of the Merit Board appeal, as opposed to from the suspension itself.[2] The Court had the jury decide,

---

[2] Because the record as a whole supports the District Court's rulings, we express no opinion as to whether the District Court was correct in holding that a standard of "severe" emotional distress was required, or whether the proper showing should have

3

as a preliminary matter, the date that Bentley's attorney, Steven Cohen, was told that the Sheriff considered the suspension to be non-disciplinary. This date would end the delay that allegedly caused Bentley emotional distress. The jury found that Cohen learned that the Sheriff considered the suspension non-disciplinary sometime between November 13, 2003 and January 2004. Given that finding, Bentley conceded that she could not prove the delay caused her severe emotional distress. The District Court then entered judgment in her favor for $1.00 as nominal compensation for the violation of Bentley's constitutional right to procedural due process. We will affirm the District Court's rulings on Bentley's due process claim substantially for the reasons set forth by the District Court.

The District Court granted summary judgment in the Defendants' favor on Counts II through V because Bentley did not adduce sufficient evidence to support a reasonable inference of discrimination based on her race or gender. On appeal, Bentley refers to internal investigation files of other Sheriff's Officers whom she alleges were treated differently. The files were never made part of the record in the District Court (or on appeal) and therefore cannot be considered on appeal. *See, e.g., Brown v. J. Kaz, Inc.*, 581 F.3d 175, 179 (3d Cir. 2009) (quoting *Giles v. Kearney*, 571 F.3d 318, 322 (3d Cir. 2009) ("A court may grant summary judgment **only when the record shows** that there is

---

been "actual injury" resulting from the denial of procedural due process and the resulting delay in adjudicating Bentley's challenge to her suspension. *See Carey v. Piphus*, 435 U.S. 247 (1978); *Bolden v. Se. Pa. Transp. Auth.*, 21 F.3d 29, 34 (3d Cir. 1994).

no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law.") (emphasis added).[3] Thus, we agree that the evidence adduced was insufficient and will affirm the District Court's grant of summary judgment on Counts II through V of Bentley's complaint.

Accordingly, we will affirm all of the orders of the District Court that Bentley challenges on appeal.

---

[3]As noted by the District Court, even though the investigation files were produced subject to a protective order, Bentley could have included them in the record simply by filing them under seal. *See* L.A.R. 106.1(a).